IN THE COURT OF APPEALS

FILED

October 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

TERRY YATES,                          )   HAMILTON CHANCERY
                                      )   C. A. NO. 03A01-9602-CH-00069
                                      )
        Plaintiff-Appellant           )
                                      )
                                      )
                                      )
                                      )
                                      )
vs.                                   )   HON. HOWELL N. PEOPLES
                                      )   CHANCELLOR
                                      )
                                      )
                                      )
                                      )
                                      )
THE CHATTANOOGA POLICE                )   AFFIRMED AND REMANDED
DEPARTMENT, ERVIN DINSMORE,           )
Public Safety Administrator for       )
THE CITY COUNCIL FOR THE CITY         )
CHATTANOOGA, TENNESSEE and THE        )
CITY OF CHATTANOOGA,                  )
                                      )
        Defendants-Appellees          )


LEONARD CAPUTO, Phillips & Caputo, Chattanooga, for Appellant.


KENNETH O. FRITZ, and MICHAEL A. McMAHAN, Chattanooga, for Appellee.

<u>MEMORANDUM OPINION</u>

McMurray, J.

This is an appeal from the judgment of the chancery court for Hamilton County, whereby the court affirmed the decision of the City Council of the City of Chattanooga finding the appellant, a police officer, guilty of violating Chattanooga Police Manual Orders and imposing disciplinary sanctions. We affirm the judgment of the trial court.

The issue presented for our review is whether the trial court erred in upholding the decision of the City Council. The appellant charges in this court that the City Council's decision was arbitrary, capricious, and characterized by an abuse of discretion, and was unsupported by evidence which is both substantial and material in view of the entire record, in violation of T.C.A. § 4-5-322(g-h).

T.C.A. § 4-5-322(g-h) provides in pertinent part as follows:

(g) The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the

2

agency, not shown in the record, proof thereon may be taken in the court.

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) Unsupported by evidence which is both substantial and material in the light of the entire record.

In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The trial court determined that there was no showing of a violation of appellant's constitutional rights; that the action was not in excess of the Council's statutory authority nor made upon unlawful procedure. The court further determined that there was substantial and material evidence to support the actions of the City Council.

3

Our review of the record persuades us that the trial court's judgment was correct in all respects. Accordingly, we feel that this is a case where proper disposition can be made in accordance with Rule 10(a), Rules of the Court of Appeals.[1]

Accordingly, this case is "Affirmed in accordance with Court of Appeals Rule 10(a)."

Costs are taxed to the appellant. This cause is remanded to the trial court for the collection thereof.

_____
Don T. McMurray, J.

CONCUR:

_____

---

[1]Rule 10. Affirmance without opinion - Memorandum opinion.

(a) Affirmance Without Opinion. The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

(1) the Court concurs in the facts as found or as found by necessary implication by the trial court.

(2) there is material evidence to support the verdict of the jury.

(3) no reversible error of law appears.

Such cases may be affirmed as follows: "Affirmed in accordance with Court of Appeals Rule 10(a)."

4

Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS


TERRY YATES,                        )    HAMILTON CHANCERY
                                    )    C. A. NO. 03A01-9602-CH-00069
                                    )
             Plaintiff-Appellant    )
                                    )
                                    )
                                    )
                                    )
                                    )
vs.                                 )    HON. HOWELL N. PEOPLES
                                    )    CHANCELLOR
                                    )
                                    )
                                    )
                                    )
                                    )
THE CHATTANOOGA POLICE              )    AFFIRMED AND REMANDED
DEPARTMENT, ERVIN DINSMORE,         )
Public Safety Administrator for     )
THE CITY COUNCIL FOR THE CITY       )
CHATTANOOGA, TENNESSEE and THE      )
CITY OF CHATTANOOGA,                )
                                    )
             Defendants-Appellees   )


## ORDER

This appeal came on to be heard upon the record from the Chancery Court of Hamilton County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

This case is affirmed in all respects. Costs are taxed to the appellant. This cause is remanded to the trial court for the collection thereof.

PER CURIAM